UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
ZIONESS MOVEMENT, INC.,

                                     Plaintiff,

        -against-

THE LAWFARE PROJECT, INC.,

          Defendant / Third-Party Plaintiff,

        -against-

ZIONESS MOVEMENT, INC. and AMANDA
BERMAN,

            Third-Party Defendants.
------------------------------------------------------------- x

**ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS AND THIRD-PARTY COMPLAINT AND AFFIRMATIVE DEFENSES**

21 Civ. 7429 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The instant dispute over the trademark "ZIONESS" arises out of an employment agreement gone sour.  In March 2015, Defendant The Lawfare Project, Inc. ("Lawfare") hired Third-Party Defendant Amanda Berman ("Berman") as its Director of Legal Affairs.  Her duties included liaising with clients and managing Lawfare's relationship with outside counsel, who was charged with preparing trademark applications and assisting Lawfare with the formation of not-for-profit entities.  Berman's employment agreement was nonexclusive, and so sometime in 2017, Berman began building a Zioness Movement organization, later to become Zioness Movement, Inc. ("ZMI").  ZMI was formally incorporated in April 2018.  It is unclear whether the parties intended ZMI to be an independent entity solely under Berman's control or a subsidiary of Lawfare.  In December 2018, Berman left Lawfare to work full-time for ZMI.  Both ZMI and Lawfare claim a right to use the ZIONESS mark—ZMI based on a pending trademark registration and Lawfare based on the alleged invalidity of said registration.

      On September 3, 2021, Plaintiff brought this suit against Lawfare, seeking a declaratory judgment that it owns the trademark "ZIONESS" and asserting federal claims for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114, 1125, and a state-law claim

1

for unfair competition.  (ECF No. 1.)  Lawfare moved to compel arbitration, citing a clause in Berman's employment agreement.  On March 17, 2022, I denied the motion, finding no valid agreement to arbitrate the dispute.  (ECF No. 27.)

On April 18, 2022, Lawfare filed an amended answer, painting a very different picture of the events giving rise to the instant dispute, and asserted counterclaims and a third-party complaint (the "Third-Party Complaint") against Plaintiff and Berman.  (ECF No. 34.) Lawfare seeks a declaratory judgment of noninfringement of the ZIONESS mark and asserts claims for copyright infringement based on ZMI and Berman's unauthorized use of now-registered images that Lawfare commissioned while Berman was still in its employ; violation of the Defend Trade Secrets Act of 2016, 17 U.S.C. §§ 1836–39; and additional state-law claims for breach of contract, breach of fiduciary duty, misappropriation of trade secrets, conversion, and tortious interference.  Plaintiff and Berman (the "Third-Party Defendants") move to dismiss the Third-Party Complaint and certain affirmative defenses, arguing that all of Lawfare's claims are time-barred or otherwise fail to state a claim, Fed. R. Civ. 12(b)(6)).  The motion is denied.

As to Third-Party Defendants' contention that the claims are time-barred, I hold that they are not.  Lawfare alleges that it granted an oral license to Third-Party Defendants to use the images in issue in April 2018 and revoked the license in May 2019.  Third-Party Defendants continued to use the copywritten works despite the revocation and despite having received a cease-and-desist letter from Lawfare.  Because Lawfare filed its Third-Party Complaint in April 2022, within the applicable three-year statute of limitations, and alleges ongoing infringement, the claims are timely.  *See Kwan v. Schlein*, 634 F.3d 224, 231 (2d Cir. 2011) (stating that ongoing infringement claims "may be commenced within three years of any infringing act, regardless of any prior acts of infringement").

As to their arguments under Fed. R. Civ. P. 12(b)(6), Third-Party Defendants's motion to dismiss is not based on the sufficiency of the pleadings, accepting the allegations as true, but rather upon a mixture of rhetoric and a refutation of the merits.  *See, e.g.*, ECF No. 47 at 23 (arguing that Lawfare's breach of contract claim against Berman must be dismissed because it is "both specious and spiteful"); *id.* at 23 (recasting claim for breach of oral license as a breach

2

of contractual covenant).  Although Third-Party Defendants repeatedly argue that the allegations lack necessary specificity, I find the Third-Party Complaint replete with factual allegations that, when accepted as true, raise more than a plausible inference of a right to relief.  *See* Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Lawfare has met its burden at this stage of the proceedings.

For the reasons provided above, the motion to dismiss the Third-Party Complaint and affirmative defenses is denied.  The argument scheduled for October 12, 2022, is canceled. Plaintiff and Berman shall answer by October 14, 2022, and the parties shall appear for a status conference on November 4, 2022, at 10:00 a.m.

The Clerk of Court shall terminate ECF No. 34.

SO ORDERED.

Dated:          September 22, 2022                      ____/s/ Alvin K. Hellerstein____
                New York, New York                      ALVIN K. HELLERSTEIN
                                                        United States District Judge