# FELICELLO

Rosanne E. Felicello*
Managing Partner

Felicello Law P.C.
366 Madison Ave. 3rd Floor
New York, NY 10017

212.584.7806
rosanne@felicellolaw.com

May 15, 2023

*[handwritten: Lawfor leas until May 31, 2023 to respond to Zioness'/Berman's requests. Zioness'/Berman's motion can be renewed thereafter.  5-17-2023]*

VIA ECF

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Zioness Movement, Inc. v. The Lawfare Project, Inc.*, 1:21 – cv-07429
(AKH)(DCF)

Dear Judge Hellerstein:

We write jointly pursuant to Your Honor's rules to request the Court's assistance in resolving the following four (4) discovery disputes. *[handwritten: three (3)]*

**Position of Plaintiff and Counterclaim Defendant Zioness Movement, Inc. and Third Party Defendant Amanda Berman**

1.  Based on the discovery that we have undertaken to date, it is apparent that Defendant never searched for entire categories of relevant and responsive documents, including text messages, Gchats, and financial documents. Deposition testimony confirms that these documents exist but have not been produced. For example, Benjamin Ryberg testified that even though he exchanged text messages with both Amanda Berman and Brooke Goldstein, he never searched for text messages that might be responsive in this matter and did provide his phone to counsel for review. And the "Google Hangouts" that have been produced all consist of conversations between Amanda Berman and others outside of LPI; the production does not include Gchats or "Google Hangouts" for any of the LPI custodians. Mr. Coleman previously represented that these documents would be produced by last week. It is now Monday, May 15, 2023, and we have not received the documents. The deadline for documents to be produced in this matter has long since passed. We request that the Court order that the remaining documents be produced by the end of the day tomorrow, May 16, 2023, and that failure to comply with this deadline will be a contempt of court. ZMI has already taken two depositions in this matter and is scheduled to take

*Admitted to practice law in New York and Massachusetts

Hon. Alvin K. Hellerstein
May 15, 2023
Page 2 of 3

the deposition of Brooke Goldstein on Wednesday. LPI's failure to produce documents in a timely manner is unduly prejudicial to ZMI.

2. At his deposition on May 3, 2023, Henry Shiner, a director of LPI, testified that "over a year ago" he lost access to his email from the relevant time frame (i.e. 2018) and that he had not searched for relevant documents for this matter until a couple of days prior to his deposition. We asked LPI to detail what steps it had taken to preserve and retrieve the missing email files from Mr. Shiner's email account, which he indicated was a Gmail account. LPI's counsel has not responded to our request for this information. The fact that LPI changed counsel should not be a reason to allow LPI to delay in providing this information. We ask the Court to direct LPI's counsel to respond by the end of the day tomorrow, May 16, 2023.

3. LPI re-produced its document production more than twice because of faulty productions. For example, for one production, LPI had failed to remove attorney-privileged communications. We notified LPI as soon as we realized the error and they re-produced the responsive documents. But in another production, LPI failed to include metadata necessary to link attachments to their corresponding emails. As a direct result of LPI's discovery errors and negligence, ZMI incurred out of pocket costs of about $5,000 from its electronic discovery vendor. ZMI's vendor estimates for this work has been provided to LPI's counsel. This amount does not include the extra attorney hours necessitated by the need to re-review LPI's document productions. ZMI has repeatedly asked LPI to reimburse ZMI for these costs. Mr. Coleman previously said that he would let us know if LPI would agree to the reimbursement. He now claims that LPI is not responsible for its prior counsel's errors and that as successor counsel he is not in a position to evaluate the request for reimbursement. ZMI requests that the Court order LPI to reimburse ZMI for its hard costs in the amount of $5,000.

**Position of The Lawfare Project, Inc.**

1. At the request of ZMI we immediately investigated this matter. We determined that, in fact, a large number of GChats were produced (including those found in the Bates ranges LAWFARE 000674 – 888, 004399 – 004574, 027967 – 028183, 03127 – 033141). Additionally, in the last week LPI's chief operating officer has been diligently working with my firm's electronic discovery specialist to collect and produce all responsive documents from all appropriate custodians as soon as possible. This does not provide grounds for contempt of court.

Hon. Alvin K. Hellerstein
May 15, 2023
Page 3 of 3

2.   We are not in a position to readily provide information concerning what previous counsel took to preserve and retrieve missing email files from Mr. Shiner's email account, but this is among the topics being examined by our discovery specialist. We hope to be able to answer this question in the coming days.  There is no reason to invoke the Court's contempt power here.

3.   Any errors described here were not made by ZMI. Its current counsel is not in a position to assess the validity of LPI's claim nor of the large amount of reimbursement it seeks.

*****************************************

Thank you for your consideration of these matters.

Sincerely,

*/s/ Rosanne E. Felicello*

Rosanne E. Felicello

cc: Counsel of Record, via ECF

Judge Hellerstein wrote:

"Lawfare has until May 31, 2023 to respond to Zioness'/Berman's requests.  Zioness'/Berman's motion can be renewed thereafter.

5-17-2023
Alvin K. Hellerstein"