FELICELLO

Rosanne E. Felicello*
Managing Partner

Felicello Law P.C.
366 Madison Ave. 3rd Floor
New York, NY 10017

212.584.7806
rosanne@felicellolaw.com

May 24, 2023

Lawrence Hill shall appear for deposition at the office of Plaintiff's counsel on June 7, 2023, 10:00 am to 5:00 pm, and day to day thereafter until the deposition is completed. No documents shall be withheld. All production must be of the most legible copy or original. Failure to produce a privilege log waives privilege, and Hill has waived any privileges he otherwise may assert. Further failure of Hill to comply with discovery obligations will lead to sanctions.

SO ORDERED.

/s/Alvin K. Hellerstein
May 26, 2023

VIA ECF

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Zioness Movement, Inc. v. The Lawfare Project, Inc.*, 1:21 – cv-07429 (AKH)(DCF)

Dear Judge Hellerstein:

We write pursuant to Your Honor's rules to request the Court's assistance in resolving the following discovery dispute between Plaintiff/Counterclaim Defendant Zioness Movement, Inc. ("ZMI") and Third Party Defendant Amanda Berman (together, the "ZMI Parties"), on the one hand, and Lawrence Hill, the former Chairman of the Board of Defendant/Counterclaim Plaintiff/Third Party Plaintiff The Lawfare Project, Inc. ("LPI" or "Defendant").

**Position of the ZMI Parties**

The ZMI Parties duly served a Rule 45 subpoena for documents and testimony on Lawrence Hill on May 31, 2022. Mr. Hill is a former Chairman of the Board of Directors of LPI and has relevant knowledge about material issues in this matter. He resigned from the Board of Directors of LPI shortly after Ms. Berman left her employment there. His departure from the Board and discontinuance of his donations to LPI are a subject of LPI's claims against Ms. Berman.

Mr. Hill's testimony is also relevant because Defendant has argued that Mr. Hill's actions should be attributed to Ms. Berman for purposes of her liability for claims asserted by Defendant LPI. And Mr. Hill has personal knowledge of the circumstances around both ZMI's claims in the action and the ZMI Parties' defenses to Defendant's claims. For example, LPI now claims that its trade secrets claims against ZMI and Ms. Berman are based on work product in the possession of Mr. Hill's former firm. As additional examples, Mr. Hill has knowledge about Defendant's allegations concerning a "license" from LPI to ZMI regarding use of the Zioness documents, repayment by Ms. Berman and/or ZMI of costs advanced on ZMI's behalf by LPI, the relationship between LPI and ZMI, and Ms. Berman's alleged interference

*Admitted to practice law in New York and Massachusetts

with the LPI board.

In response to the subpoena, Mr. Hill has produced only 35 documents. Most of those 35 documents, which appear to be print-outs of emails, were heavily redacted, obscuring their content almost entirely. Mr. Hill has provided no privilege log to the ZMI Parties. Further, Mr. Hill has provided no proof of an attorney-client relationship between him (or his former firm) and Defendant LPI that could form the basis for a claim of privilege. Mr. Hill's production also did not include any text messages exchanged with LPI's executive director Brooke Goldstein (to which she testified) or any board meeting minutes for LPI's Board of Directors. Given Mr. Hill's prior role and activities with LPI, it is likely that Mr. Hill would have these types of documents in his custody or control. Mr. Hill has failed to appear for deposition or provide sworn written testimony.

Since serving the subpoena on Mr. Hill in May 2022, counsel for the ZMI Parties has diligently worked to obtain documents and testimony from Mr. Hill, including 8 months' of attempts to meet and confer with his counsel, obtain additional information about the redactions, obtain additional documents, and schedule his deposition. Plaintiff has voluminous email communications with Mr. Hill's counsel seeking to obtain documents and testimony in response to the subpoena. In January 2023, I requested Mr. Hill's counsel to provide dates of availability for a deposition or to consider submitting a declaration in lieu of an appearance. On or about March 8, 2023, counsel for Mr. Hill promised to provide a declaration in lieu of an appearance. Since that time, no declaration or dates of appearance has been provided. Plaintiff respectfully requests that the Court compel Mr. Hill to appear for a deposition on or before June 2, 2023, and to produce documents as set forth above, including re-producing the 35 documents without redaction before that deposition.

**Position of Lawrence Hill[1]**

Plaintiff received the following response from Mr. Hill's counsel on the afternoon of Monday, May 22, 2023:

Ms. Felicello –

Your proposed joint-letter submission fails to comply with Judge Hellerstein's Individual Rule 2(E), which requires the parties to meet and confer regarding the

---

[1] By email on Monday, May 22, 2023, we requested that Mr. Hill's counsel provide us with his position to include in this letter. What follows as his position is the content that we received after we rejected his request to "hold off on submitting any letter to the Court until Wednesday." We previously informed him, by emails on April 12th, April 15th, and May 18th that we would have to seek the Court's help in obtaining Mr. Hill's testimony. It is now late Wednesday afternoon and Mr. Hill's counsel has not provided us with a declaration, dates for his deposition, a privilege log, or unredacted versions of the documents he previously produced.


discovery dispute, and to detail the parties' efforts to meet and confer in the draft submission. Your draft fails to provide that information. Rather, the first indication that you were planning to submit a joint-letter to the Court was today at 3:05 p.m. EDT, and you are now requiring a response less than 17 hours later. Moreover, a number of the statements in your draft submission are false, including your assertion that Mr. Hill has "refused" to provide written testimony. To the contrary, we have repeatedly advised you that Mr. Hill will submit a declaration, and have advised you that we will be submitting a draft declaration shortly. And your assertion regarding your client's request for a privilege log is also false. On January 23, 2023, we advised you that we would be willing to provide you the specific basis for certain of our privileged redactions, provided that you first confirmed that you did not previously obtain unredacted versions of those same documents from Ms. Goldstein (attached). You failed to respond to my January 23rd e-mail.

To be clear, Mr. Hill is a non-party to this litigation, and your request for an immediate response to your proposed letter-motion is not only entirely inappropriate and unduly burdensome for a non-party, it is also inconsistent with Judge Hellerstein's Individual Rules. And Rule 2(E) explicitly provides that "[t]he Court will not resolve disputes not brought to its attention in conformity with this rule." As stated below, I expect to be able send you a draft declaration by Wednesday. But if you want to nonetheless proceed tomorrow with a joint-letter submission in non-compliance with Rule 2(E), then you are free to do so.

Mr. Hill expressly reserves all rights, at law and in equity.

****************************************

Thank you for your consideration of these matters.

Sincerely,

*/s/ Rosanne E. Felicello*

Rosanne E. Felicello

cc: Counsel of Record, via ECF
Martin Geagan, counsel for Lawrence Hill, via email