UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ZIONESS MOVEMENT, INC.,

                              Plaintiff,

    -against-

THE LAWFARE PROJECT, INC.,

               Defendant/ Third-Party Plaintiff

    -against-

ZIONESS MOVEMENT, INC. and AMANDA BERMAN,

                       Third-Party Defendant
-------------------------------------------------------------- x

**AMENDED ORDER GRANTING AND DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS**

21 Civ. 7429 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      This order amends my prior order dated August 3, 2023 (ECF No. 112).

      I heard, and ruled upon, the following motions for discovery sanctions on August 2, 2023. My rulings, with pro and con arguments, can be found in the transcript of arguments. They are summarized in this order.

      Plaintiff's motion for sanctions pursuant to Rule 37, Fed. R. Civ. P., regarding Defendant and Third-Party Plaintiff The Lawfare Project's ("LPI") failure to respond to Plaintiff Zioness Movement, Inc.'s ("ZMI") interrogatories is granted. However, Plaintiff has not shown any adverse consequence from LPI's failure, and none is ordered.

      Plaintiff's motion for sanctions regarding LPI's failure to produce a competent witness under Fed. R. Civ. P. 30(b)(6) is granted. ZMI is entitled to the inferences that LPI and ZMI functioned as independent entities, and that Third-Party Defendant Berman had the right to start ZMI as an independent entity and to use and promote the Zioness trademark. The Court

1

makes this change because there has been no showing the two were legally separate entities rather than Zioness being division or project within the LPI organization.

Plaintiff's motion for sanctions for LPI's repeated delays in producing, fully and responsively, the physical and electronic documents demanded by Plaintiff, and for separating email communications from their attached documents so that their connections cannot readily be ascertained, is granted. However, since ZMI normally would have incurred a substantial portion of such expenses to conduct discovery, ZMI shall recover one-half of its expenses incurred in the period of LPI's discovery delays. The proceedings to determine the amount due will be regulated upon the termination of the case.

Plaintiff's motion for sanctions for LPI's failure to supplement Fed. R. Civ. P. 26 disclosures is denied.

LPI shall produce in full all documents that it has redacted by August 7, 2023, except for privileged documents claimed as such with descriptive details satisfying Local Rule 26.2 and produced by the same day.

Plaintiff's motion for sanctions under Rule 11, Fed. R. Civ. P, is denied.

In all other respects, Plaintiff's motions are granted and denied, as indicated in the record of the hearing held August 2, 2023. The Clerk shall terminate ECF number 105.

SO ORDERED.

Dated: August 24, 2023
       New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge