UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZIONESS MOVEMENT, INC.,

      Plaintiff,

-against-

THE LAWFARE PROJECT, INC.,

      Defendant.

---

THE LAWFARE PROJECT, INC.,

      Counterclaim Plaintiff,

-against-

ZIONESS MOVEMENT, INC.,

      Counterclaim Defendant.

---

THE LAWFARE PROJECT, INC.,

      Third Party Plaintiff,

-against-

AMANDA BERMAN,

      Third Party Defendant.

Case No. 1:21-cv-07429-AKH

**PLAINTIFF ZIONESS
MOVEMENT INC.'S AND
THIRD-PARTY DEFENDANT
AMANDA BERMAN'S
PRETRIAL MEMORANDUM OF
FACTS AND LAW**

FELICELLO LAW P.C.
    Rosanne E. Felicello
    Kristie M. Blase
    Michael James Maloney
366 Madison Avenue, 3rd Floor
New York, New York 10017
Tel. (212) 584-7806
*Counsel for Zioness Movement, Inc.
and Amanda Berman*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... iii

PRELIMINARY STATEMENT ................................ **Error! Bookmark not defined.**

ARGUMENT ...................................................................................................... 1

    A.    The Factual Issues to be Tried on Plaintiff's Claims .................................... 1

        1.    Count I: Declaratory Judgment that Zioness Movement Inc. is the Owner of the ZIONESS Trademark and LPI's counterclaim for declaratory judgment of invalidity of the ZIONESS Trademark .......... 1

        2.    Count II: Declaratory Judgment that Zioness Movement Inc. is an independent organization and not a subsidiary of The Lawfare Project, Inc. or any other Entity ............................................................................ 3

        3.    Count III, Count IV, & Count V: Trademark Infringement in Violation of Section 32 and Section 43(a) of the Lanham Act, Unfair Competition under New York Common Law and Defendant's counterclaims for declarations of trademark invalidity and non-infringement ................. 4

    B.    The Law on Plaintiff's Claims ..................................................................... 5

        1.    Count 1: Declaratory Judgment that Zioness Movement Inc. is the Owner of the ZIONESS Trademark ......................................................... 5

        2.    Count II: Declaratory Judgment that ZMI is independent and not a subsidiary of LPI. ...................................................................................... 6

        3.    Count III: Trademark Infringement in Violation of Section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a) ...................................................... 7

        4.    Count IV: Trademark Infringement in Violation of Section 43(a) of the Lanham Act (False designation of origin (15 U.S.C. § 1125(a)(1)(A)) .... 8

        5.    Count V: Unfair competition (N.Y. common law) .................................... 9

    C.    The Law on ZMI's Defenses to be Tried ................................................... 10

        4th Aff. Defense: Laches .................................................................................. 10

        5th Aff. Defense: Estoppel and unclean hands ................................................ 10

        11th Aff. Defense: Waiver ................................................................................ 11

CONCLUSION ..................................................... **Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

## Cases

*Carvel Corp. v. Noonan,*
3 N.Y.3d 182 (2004) ..................................................................................................17

*Clinton E. Worden & Co. v. California Fig Syrup Co.,*
187 U.S. 516 (1903) ......................................................................................................6

*Cnty. Vanlines Inc. v. Experian Info. Sols., Inc.,*
317 F. Supp. 2d 383 (S.D.N.Y. 2004) ........................................................................16

*Ferring B.V. v. Allergan, Inc.,*
4 F. Supp. 3d 612 (S.D.N.Y. 2014) ............................................................................15

*Fournier v. McCann Erickson,*
242 F. Supp. 2d 318 (S.D.N.Y. 2003) ..........................................................................4

*Frito-Lay, Inc. v. Bachman Co.,*
704 F. Supp. 432 (S.D.N.Y. 1989) ................................................................................5

*Genesee Brewing Co. v. Stroh Brewing Co.,*
124 F.3d 137 (2d Cir. 1997) ..........................................................................................5

*Great Earth Int'l Franchising Corp. v. Milks Dev.,*
311 F. Supp. 2d 419 (S.D.N.Y. 2004) ...................................................................1, 4, 6

*Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.,*
50 N.Y.2d 183 (1980) ..................................................................................................18

*Horror Inc. v. Miller,*
15 F.4th 232 (2d Cir. 2021) .......................................................................................8, 9

*ITC Ltd. v. Punchgini, Inc.,*
482 F.3d 135 (2d Cir.) ...................................................................................................3

*J.M. Bldrs. & Assoc., Inc. v. Lindner,*
67 A.D.3d 738 (2d Dep't 2009) ..................................................................................16

*Jack Daniel's Props. v. VIP Prods. LLC,*
143 S. Ct. 1578 (2023) ..................................................................................................7

*John Wiley & Sons, Inc. v. DRK Photo,*
882 F.3d 394 (2d Cir. 2018) ..........................................................................................9

*Just Play, Inc. v. A.S. Plastic Toys Co.,*

2022 U.S. Dist. LEXIS 33555 (S.D.N.Y. Feb. 25, 2022) ..........................................5, 6

*Kirch v. Liberty Media Corp.*,
    449 F.3d 388 (2d Cir. 2006).........................................................................................18

*Kronos, Inc. v. AVX Corp.*,
    81 N.Y.2d 90 (1993)......................................................................................................18

*Lama Holding Co. v. Smith Barney Inc.*,
    88 N.Y.2d 413 (1996)....................................................................................................18

*Langman Fabrics v. Graff Californiawear, Inc.*,
    160 F.3d 106 (2d Cir. 1998).........................................................................................10

*Marco v. Accent Pub. Co.*,
    969 F.2d 154 (3d Cir. 1992).........................................................................................10

*Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of*
    *Contemporary Dance, Inc.*,
    380 F.3d 624 (2d Cir. 2004).........................................................................................10

*NBT Bancorp v. Fleet / Norstar Fin. Grp.*,
    87 N.Y.2d 614 (1996)....................................................................................................18

*Pannonia Farms, Inc. v. USA Cable*,
    No. 19-cv-5569, 2004 U.S. Dist. LEXIS 23015 (S.D.N.Y. Jun. 7, 2004) .................12

*Pirone v. MacMillan, Inc.*,
    894 F.2d 579 (2d Cir.1990)..............................................................................................3

*Zirvi v. Flatley*,
    838 F. App'x 582 (2d Cir. 2020) ..................................................................................15

**Statutes**

17 U.S.C. § 201 ..................................................................................................................9

18 U.S.C. §1836(d) .........................................................................................................15

**Rules**

Fed. R. Evid. 403 ..........................................................................................................1, 3

Pursuant to the Court's Individual Rules and pretrial directives, Plaintiff Zioness Movement, Inc. ("Plaintiff" or "ZMI") and Third-Party Defendant Amanda Berman ("Ms. Berman") (together, the "ZMI Parties") hereby submits this pretrial memorandum of facts and law.

Given the motion last night by Defendant LPI seeking court approval to voluntarily dismiss its Counterclaims and Third-Party Complaint (Dkt. 139), we have limited this pretrial memo to the remaining claims, *i.e.*, ZMI's claims and LPI's counterclaims concerning the ZIONESS trademark.

## ARGUMENT

### A. The Factual Issues to be Tried on Plaintiff's Claims and Affirmative Defenses

#### 1. <u>Count I</u>: Declaratory Judgment that Zioness Movement Inc. is the Owner of the ZIONESS Trademark and LPI's counterclaim for declaratory judgment of invalidity of the ZIONESS Trademark

In this action, Plaintiff ZMI, a New York not-for-profit corporation founded by Amanda Berman, alleges that it is the owner of the registered trademark ZIONESS. In its Amended Answer, Counterclaim, and Third-Party Claims (the "Counterclaims"), Dkt. 34, Defendant argues that it is the owner of the ZIONESS trademark.

The evidence at trial will show that, Amanda Berman was the first to use the ZIONESS mark in commerce. In 2018, Ms. Berman formed ZMI and obtained pro bono legal counsel to assist ZMI in registering the ZIONESS trademark. LPI knew at the time that ZMI was filing for federal protection of the ZIONESS mark and raised no objections during the investigation and publication period for registration of the

ZIONESS mark. ZMI paid for the trademark registration fees; LPI did not pay for the registration fees. The USPTO issued a registration of the ZIONESS mark to ZMI in May 2020.

The evidence will show that Defendant's principal, Brooke Goldstein, has admitted in writing that ZMI owns the trademark:



The evidence will show that in August 2020 LPI filed a petition to cancel the registration and that all the grounds on which it sought to cancel were known to LPI in 2018 and 2019 but not raised.

If the Court does not grant ZMI's motion in limine #1, the jury will also have to address LPI's defenses concerning ownership of the ZIONESS mark. LPI has asserted that Ms. Berman's use of the ZIONESS mark in 2017 was on behalf of LPI and that LPI licensed the mark to ZMI pursuant to an "oral license."

The evidence will show that Ms. Berman's use of the ZIONESS trademark was outside of her scope of employment with LPI. Ms. Berman continued to use the mark

outside the scope of her employment until she transferred all rights to the mark to ZMI and which then registered the mark with the USPTO. ZMI is entirely separate from LPI. LPI's executive director Ms. Goldstein testified that the idea that there was a license agreement between ZMI and LPI was concocted by one of LPI's attorneys in connection with this litigation. Dkt. 106-19, Goldstein Tr., at 140:19-141:18.

The jury will also likely hear evidence from both parties concerning start-up costs that LPI paid on behalf of ZMI. The evidence at trial will show that Ms. Berman and ZMI repaid LPI for at least $6,000 of the initial costs and agreed to reimburse LPI for other costs. This evidence supports ZMI's contention that the Zioness mark was not used on behalf of LPI. If the use had been on behalf of LPI, there would have been no reason for the ZMI Parties to reimburse LPI.

ZMI will present evidence concerning LPI's and its executive director's after-the-fact efforts in 2019 and later to associate LPI and Ms. Goldstein with ZMI, including adding "Zioness" to the LPI website among other social media efforts.

Defendant asserted affirmative defenses, which are the subject of the ZMI Parties' omnibus motion in limine, Dkt. 127. Defendant's counterclaim concerning invalidity of the ZIONESS mark is an affirmative defense to this claim and to ZMI's trademark infringement claims.

### 2.    Count II: Declaratory Judgment that Zioness Movement Inc. is an independent organization and not a subsidiary of The Lawfare Project, Inc. or any other entity

LPI has stipulated that ZMI has no owners or shareholders, ZMI is not a subsidiary of LPI and never was, LPI has no ownership interest in ZMI, and that ZMI is independently governed by a board of directors (with no overlap with LPI's own

board of directors). If judgment is not granted as a matter of law on this count, ZMI will present evidence that ZMI is registered as a New York not-for-profit corporation with no members; ZMI's certificate of incorporation was filed with the New York Secretary of State; LPI acknowledged that ZMI was a separate organization; and ZMI files its own Form 990s annually.

3. <u>**Count III, Count IV, & Count V**</u>**: Trademark Infringement in Violation of Section 32 and Section 43(a) of the Lanham Act, Unfair Competition under New York Common Law and Defendant's counterclaims for declarations of trademark invalidity and non-infringement**

ZMI will present evidence at trial that LPI used the ZIONESS trademark without ZMI's authorization – including claiming ownership of the ZIONESS mark, use of the ZIONESS mark in social media and elsewhere online.  LPI has admitted to using the ZIONESs mark. ZMI demanded LPI stop the unauthorized uses and LPI refused. The evidence will show that LPI's use of the ZIONESS trademark is likely to cause confusion. The jury will also hear and see evidence concerning the after-the-fact efforts that LPI and Ms. Goldstein took beginning in 2019 to associate herself with ZMI to harm ZMI and to take advantage of the goodwill of the Zioness brand.

LPI asserts affirmative defenses that the ZIONESS mark is invalid because of alleged fraud on the USPTO. As set out above, LPI has no evidence of these assertions. The jury will hear and see that the ZIONESS mark is valid (see above) and that LPI intentionally and knowingly infringed on ZMI's mark to injure ZMI and promote itself.

## B. The Law on Plaintiff's Claims

### 1.   <u>Count 1</u>: Declaratory Judgment that Zioness Movement Inc. is the Owner of the ZIONESS Trademark

The evidence will show that Ms. Berman was the first to use the ZIONESS mark in public and continued to use it until assigning it to ZMI. Trademark ownership turns on who has priority over a mark. Priority is determined by first trademark use but use must be continued in order to prevent others from using the mark to describe their own goods and services. *Lab. Corp. of Am. v Schumann*, No. 3:06-cv-01566 (VLB), 2009 US Dist LEXIS 8643, at *7-9 (D Conn Feb. 4, 2009); *see also Fin. Matters v PepsiCo*, 92 Civ. 7497 (RO), 1993 US Dist LEXIS 13294, at *9 (SDNY Sep. 23, 1993). "[T]rademark rights are acquired and maintained through use of a particular mark." *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 146 (2d Cir.), certified question accepted, 8 N.Y.3d 994 (N.Y. 2007), and certified question answered, 9 N.Y.3d 467 (N.Y. 2007), citing *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 581 (2d Cir.1990).

"In determining whether the putative owner has sufficiently used a trademark, 'the talismanic test is whether or not the mark was used in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark.'" *Intl. Labels LLC v Sportlife Brands LLC*, No. 19-cv-11370 (AJN), 2021 US Dist LEXIS 60912, at *16-17 (SDNY Mar. 30, 2021), quoting *Windows User, Inc. v. Reed Bus. Pub. Ltd.*, 795 F. Supp. 103, 108 (S.D.N.Y. 1992) (quotations omitted).

The evidence will further show that ZMI has a certificate of registration of the

ZIONESS mark. "A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1057(b); *see also Gruner + Jahr USA Publishing, Div. of Gruner + Jahr Printing & Publishing Co. v. Meredith Corp.*, 991 F.2d 1072, 1076 (2d Cir. 1993) (The Lanham Act "provides that a mark registered by its owner shall be prima facie evidence of ownership").

### 2.   Count II:   Declaratory Judgment that ZMI is independent and not a subsidiary of LPI.

LPI has stipulated that ZMI has no owners or shareholders, ZMI is not a subsidiary of LPI and never was, LPI has no ownership interest in ZMI, and that ZMI is independently governed by a board of directors (with no overlap with LPI's own board of directors). If judgment is not granted as a matter of law on this count, ZMI will present evidence, including a certificate of incorporation from the New York secretary of state, to prove these facts. "One or more natural persons at least eighteen years of age may act as incorporators of a corporation to be formed under this chapter." N.Y. Not-for-Profit Corp. Law § 401. "[I]n the case of a charitable corporation, may have no members, in which case any such provision for classes of members or for no members shall be set forth in the certificate of incorporation or the by-laws. . . ." N.Y. Not-for-Profit Corp. Law § 601. "Upon the filing of the certificate of incorporation by the department of state, the corporate existence shall begin, and such certificate shall be conclusive evidence that all conditions precedent have been

fulfilled and that the corporation has been formed under this chapter. . . ." N.Y. Not-for-Profit Corp. Law § 403.

    **3.**    <u>**Count III**</u>**: Trademark Infringement in Violation of Section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a)**

The evidence will show that LPI used the ZIONESS trademark without ZMI's authorization. LPI's use of the ZIONESS trademark is likely to cause confusion.

Section 32(1)(a) of the Lanham Act prohibits "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C.A. § 1114(1)(a). Trademark infringement occurs when "the defendant's use is likely to cause confusion, or to cause mistake, or to deceive.' The 'keystone' in that statutory standard is 'likelihood of confusion.'" *Jack Daniel's Properties, Inc. v. VIP Prod. LLC*, 599 U.S. 140, 147, 143 S. Ct. 1578, 1584, 216 L. Ed. 2d 161 (2023) (citations omitted).

The elements of trademark infringement are "use of a trademark (1) without consent; (2) in connection with the sale of goods; (3) where such use is likely to cause confusion or to decieve purchasers as to the source or origin of the goods." *Franchised Stores of New York, Inc. v. Winter*, 394 F.2d 664, 668 (2d Cir. 1968) (citations and quotations omitted). "In determining whether there is a likelihood of consumer confusion, we apply the eight-factor balancing test. . . . The eight factors are: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may

bridge the gap by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market. The application of the Polaroid test is not mechanical, but rather, focuses on the ultimate question of whether, looking at the products in their totality, consumers are likely to be confused." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 307 (2d Cir. 2013) (quotations omitted), citing *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir.1961); *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 115 (2d Cir.2009); and *Star Indus., Inc. v. Bacardi & Co., Ltd.*, 412 F.3d 373, 384 (2d Cir.2005).

"Use of the identical mark for the same goods directed at the same market and sold through the same outlets creates a likelihood of confusion as a matter of law." *Fin. Matters v PepsiCo*, 92 Civ. 7497 (RO), 1993 US Dist LEXIS 13294, at *22-23 (SDNY Sep. 23, 1993); *see, e.g., Kiki Undies Corp. v. Promenade Hosiery Mills, Inc.*, 411 F.2d 1097, 1100-01 (2d Cir. 1969), *cert. denied*, 396 U.S. 1054 (1970). The evidence will show that LPI used ZMI's identical mark in the similar market of non-profits focused on causes of interest to the Jewish community.

4.   <u>Count IV</u>: Trademark Infringement in Violation of Section 43(a) of the Lanham Act (False designation of origin (15 U.S.C. § 1125(a)(1)(A))

The evidence will show that LPI used the ZIONESS trademark without ZMI's authorization and that LPI's use of the ZIONESS trademark is likely to cause confusion. The evidence will show that LPI has used the ZIONESS trademark in connection with this false claims that LPI founded, funded, and incubated ZMI.

8

Section 43(a) of the Lanham Act prohibits the: "use[ ] in commerce [of] any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]" 15 U.S.C. § 1125(a)(1)(A). Likelihood of confusion on a false designation of origin claim is by the same eight *Polaroid* facts as infringement under 15 U.S.C. § 1114(a)(1).

### 5.   <u>Count V</u>:   Unfair competition (N.Y. common law)

Th evidence will show that LPI used the ZIONESS trademark without ZMI's authorization and that LPI's use of the ZIONESS trademark is likely to cause confusion.

The standards for a finding of unfair competition under New York law are similar to those under Section 43(a) of the Lanham Act. "Conduct that constitutes trademark infringement also constitutes unfair competition in violation of New York law." *Getty Petroleum Corp. v. Island Transp. Corp.*, 878 F.2d 650, 655 (2d Cir. 1989) *See*, *e.g.*, *Safeway Stores, Inc. v. Safeway Properties, Inc.*, 307 F.2d 495, 497 n. 1 (2d Cir. 1962); *Dell Publishing Co. v. Stanley Publications, Inc.*, 9 N.Y.2d 126, 133, 211 N.Y.S.2d 393, 398, 172 N.E.2d 656 (1961).

"Punitive damages in a New York unfair competition claim are available 'where a defendant's conduct has constituted 'gross, wanton, or wilful fraud or other morally culpable conduct' to an extreme degree.'" *Mobius Mgt. Sys. v Fourth*

*Dimension Software*, 880 F Supp 1005, 1026, n 14 (SDNY 1994), citing *Getty Petroleum Corp. v. Island Transportation Corp.*, 878 F.2d 650, 657 (2d Cir. 1989) (quoting *Smith v. Lightning Bolt Productions*, 861 F.2d 363, 371 (2d Cir. 1988), quoting *Borkowski v. Borkowski*, 39 N.Y.2d 982 (N.Y. 1976).

### C. The Law on ZMI's Defenses to LPI's Trademark-Related Counterclaims

<u>4th Aff. Defense</u>:    Laches

The evidence will show that LPI's remaining Counterclaims are barred by the doctrines of laches. "To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant" *Deutsche Bank Nat. Tr. Co. v. Joseph*, 117 A.D.3d 982, 983, 986 N.Y.S.2d 545, 546 (2014) (citations and quotations omitted). Here, the evidence will show that LPI knew at the time that ZMI was filing for federal protection of the ZIONESS mark and raised no objections during the investigation and publication period for registration of the ZIONESS mark. The evidence will show that Defendant's principal, Brooke Goldstein, has admitted in writing that ZMI owns the trademark.

<u>5th Aff. Defense</u>:    Estoppel and unclean hands

Based on the same evidence, LPI's remaining Counterclaims are barred under the doctrine of unclean hands and estoppel. "[T]he doctrine of unclean hands may bar

recovery where a party seeking such recovery 'is guilty of immoral, unconscionable conduct'" *Gilpin v. Oswego Builders, Inc.*, 87 A.D.3d 1396, 1399, 930 N.Y.S.2d 120, 124 (2011), quoting *National Distillers & Chem. Corp. v. Seyopp Corp.*, 17 N.Y.2d 12, 15, 267 N.Y.S.2d 193, 214 N.E.2d 361 (1966).

A successful estoppel defense requires proof of a reasonable and justifiable belief that LPI gave ZMI permission to use or copy. *E.g.*, *Price v. Fox Ent. Grp., Inc.*, No. 05 Civ. 5259 (SAS), 2007 U.S. Dist. LEXIS 6081, at *18 (S.D.N.Y. Jan. 26, 2007).

<u>11th Aff. Defense</u>:   Waiver

Based on the same evidence, LPI's remaining Counterclaims are also barred under the doctrine of waiver. "A waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed. It is the voluntary act of the party and does not require or depend upon a new contract, new consideration, or an estoppel. It cannot be recalled or expunged." *Alsens Am. Portland Cement Works v. Degnon Contracting Co.*, 222 N.Y. 34, 37, 118 N.E. 210 (1917).

Dated:New York, New York
      September 8, 2023

Respectfully submitted,

FELICELLO LAW P.C.

By:   */s/ Rosanne E. Felicello*
      Rosanne E. Felicello
      Kristie M. Blase
      Michael James Maloney
366 Madison Avenue, 3rd Floor
New York, New York 10017
Tel. (212) 584-7806
rosanne@felicellolaw.com
kristie@felicellolaw.com

mmaloney@felicellolaw.com
*Counsel for Zioness Movement, Inc. and*
*Amanda Berman*