**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZIONESS MOVEMENT, INC., | |
|                 Plaintiff, | Case No. 1:21-cv-07429-AKH |
| -against- | |
| THE LAWFARE PROJECT, INC., | **[PROPOSED]** |
|                 Defendant. | **JOINT PRE-TRIAL ORDER** |

THE LAWFARE PROJECT, INC.,

                Counterclaim Plaintiff,

-against-

ZIONESS MOVEMENT, INC.,

                Counterclaim Defendant.

THE LAWFARE PROJECT, INC.,

                Third Party Plaintiff,

-against-

AMANDA BERMAN,

                Third Party Defendant.

FELICELLO LAW P.C.
   Rosanne E. Felicello
   Kristie M. Blase
   Michael James Maloney
366 Madison Avenue, 3rd Floor
New York, New York 10017
Tel. (212) 584-7806
*Counsel for Zioness Movement, Inc. and*
*Amanda Berman*

# TABLE OF CONTENTS

I.        Case Caption................................................................................. 1

II.       Trial Counsel Contact Information ............................................ 1

III.      Basis of Subject Matter Jurisdiction ........................................ 1

IV.       BRIEF SUMMARY OF CLAIMS AND DEFENSES............................. 2

   A.     ZMI's Claims to be Tried: ....................................................... 2

   *Count I*:   Declaratory Judgment that ZMI is owner  of the ZIONESS trademark ......... 2

   *Count II*: Declaratory Judgment that ZMI is independent and not a subsidiary of LPI. 3

   *Count III*:              Trademark infringement (15 U.S.C. § 1114(1)(a)) ......................... 4

   *Count IV*: False designation of origin (15 U.S.C. § 1125(a)(1)(A)) .................................. 5

   *Count V*:  Unfair competition (N.Y. common law) ............................................. 6

   B.     LPI's Affirmative Defenses, Counterclaims  and Third-Party Claims to be
          Tried: ........................................................................................ 7

       1st Aff. Defense:    Failure to state a cause of action..................................... 7

       2nd Aff. Defense:    Fair use ............................................................... 7

       3rd Aff. Defense:    Fraud.................................................................. 7

       4th Aff. Defense:    First Amendment ...................................................... 7

       5th Aff. Defense:    Estoppel .............................................................. 7

       6th Aff. Defense:    Unclean Hands ........................................................ 7

       7th Aff. Defense:    Licensee Estoppel .................................................... 7

       8th Aff. Defense:    No damages or causation ............................................. 7

       Third Counterclaim:  Non-infringement of the ZIONESS trademark ............................. 7

       Fourth Counterclaim: Declaratory Judgment of invalidity of
       the ZIONESS trademark ............................................................ 8

   C.     ZMI's and Ms. Berman's Defenses to be Tried:............................ 8

       4th Aff. Defense:    Laches ................................................................ 8

       5th Aff. Defense:    Estoppel and unclean hands ......................................... 8

       11th Aff. Defense:   Waiver ............................................................... 9

V.        Marked Pleadings........................................................................ 9

VI.       Jury Trial Not Waived. .............................................................. 9

VII.      No Consent to Trial by Magistrate Judge................................9

VIII.    Stipulations / Agreed Statements of Fact or Law..................................10

    A.    Adverse Inferences:.......................................................................10

    B.    Stipulated Facts:............................................................................10

IX.    Witness Lists ........................................................................................10

    A.    Plaintiff and Third-Party Defendant's Witness List ....................10

    B.    Defendant's Witness List ..............................................................10

X.    Exhibit List ...........................................................................................10

In accordance with the Individual Rules and prior directives of Judge Hellerstein, Plaintiff and Counterclaim Defendant Zioness Movement, Inc. ("Plaintiff" or "ZMI") and Third-Party Defendant Amanda Berman ("Ms. Berman" and together with ZMI, the "ZMI Parties"), hereby submit the following proposed joint pretrial order:

## I.       Case Caption

The full caption of this action is set forth above.

## II.      Trial Counsel Contact Information

For Plaintiff/Counterclaim Defendant Zioness Movement, Inc.:

> Rosanne E. Felicello
> Kristie M. Blase
> Michael James Maloney
> Felicello Law P.C.
> 366 Madison Ave, 3rd FL
> New York, NY 10017
> rosanne@felicellolaw.com
> kristie@felicellolaw.com
> mmaloney@felicellolaw.com
> Phone: (212) 584-7806
> Fax: (424) 538-4539

For Defendant/Counterclaim Plaintiff The Lawfare Project, Inc. ("LPI"):

> Ronald Coleman
> Dhillon Law Group Inc.
> 50 Park Place, Suite 1105
> Newark, NJ 07102
> rcoleman@dhillonlaw.com
> Phone: (973) 298-1723
> Fax: _____

## III.     Basis of Subject Matter Jurisdiction

### By the ZMI Parties:

This Court has subject matter jurisdiction over the claims in this action

pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the laws of the United States, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1114 and 1125, *et seq*. This Court has supplemental jurisdiction pursuant to 28 U.S.C.§ 1367(a) for all other claims asserted in this Complaint because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

## IV.   BRIEF SUMMARY OF CLAIMS AND DEFENSES

### A. ZMI's Claims to be Tried:

*In the event the Court does not dismiss LPI's counterclaims and third-party claims, Dkt. 139-140, the ZMI Parties reserve the right to supplement and/or amend this summary of the claims and defenses to be tried.*

> *Count I*:      Declaratory Judgment that ZMI is owner
>                  of the ZIONESS trademark

Ms. Berman was the first to use the ZIONESS mark as a trademark in public. Ms. Berman's use of the ZIONESS trademark was outside of her scope of employment with LPI. Ms. Berman continued to use the mark until she transferred all rights to the mark to ZMI and ZMI registered the mark with the USPTO.

"[T]rademark rights are acquired and maintained through use of a particular mark." *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 146 (2d Cir.), certified question accepted, 8 N.Y.3d 994 (N.Y. 2007), and certified question answered, 9 N.Y.3d 467 (N.Y. 2007), citing *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 581 (2d Cir.1990).

Trademark ownership turns on who has priority over a mark. Priority is determined by first use but use must be continuous in order to prevent others from

using the mark to describe their own goods and services. *Lab. Corp. of Am. v Schumann*, No. 3:06-cv-01566 (VLB), 2009 US Dist LEXIS 8643, at *7-9 (D Conn Feb. 4, 2009); *see also Fin. Matters v PepsiCo*, 92 Civ. 7497 (RO), 1993 US Dist LEXIS 13294, at *9 (SDNY Sept. 23, 1993). "In determining whether the putative owner has sufficiently used a trademark, 'the talismanic test is whether or not the mark was used in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark.'" *Intl. Labels LLC v Sportlife Brands LLC*, No. 19-cv-11370 (AJN), 2021 US Dist LEXIS 60912, at *16-17 (SDNY Mar. 30, 2021), quoting *Windows User, Inc. v. Reed Bus. Pub. Ltd.*, 795 F. Supp. 103, 108 (S.D.N.Y. 1992) (quotations omitted).

"A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1057(b); *see also Gruner + Jahr USA Publishing, Div. of Gruner + Jahr Printing & Publishing Co. v. Meredith Corp.*, 991 F.2d 1072, 1076 (2d Cir. 1993) (The Lanham Act "provides that a mark registered by its owner shall be prima facie evidence of ownership").

<u>*Count II*</u>:    Declaratory Judgment that ZMI is independent and not a subsidiary of LPI.

ZMI is a New York not-for-profit corporation with no members. ZMI's certificate of incorporation was filed with the Secretary of State on February 8, 2018. None of the directors of ZMI are or were directors of LPI.

"One or more natural persons at least eighteen years of age may act as

3

incorporators of a corporation to be formed under this chapter." N.Y. Not-for-Profit Corp. Law § 401. "[I]n the case of a charitable corporation, may have no members, in which case any such provision for classes of members or for no members shall be set forth in the certificate of incorporation or the by-laws. . . ." N.Y. Not-for-Profit Corp. Law § 601. "Upon the filing of the certificate of incorporation by the department of state, the corporate existence shall begin, and such certificate shall be conclusive evidence that all conditions precedent have been fulfilled and that the corporation has been formed under this chapter. . . ." N.Y. Not-for-Profit Corp. Law § 403.

_Count III_:      Trademark infringement (15 U.S.C. § 1114(1)(a))

LPI used the ZIONESS trademark without ZMI's authorization. LPI's use of the ZIONESS trademark is likely to cause confusion.

Section 32(1)(a) of the Lanham Act prohibits "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C.A. § 1114(1)(a). Trademark infringement occurs when "the defendant's use is likely to cause confusion, or to cause mistake, or to deceive.' The 'keystone' in that statutory standard is 'likelihood of confusion.'" _Jack Daniel's Properties, Inc. v. VIP Prod. LLC_, 599 U.S. 140, 147, 143 S. Ct. 1578, 1584, 216 L. Ed. 2d 161 (2023) (citations omitted).

The elements of trademark infringement are "use of a trademark (1) without consent; (2) in connection with the sale of goods; (3) where such use is likely to cause confusion or to deceive purchasers as to the source or origin of the goods." _Franchised_

*Stores of New York, Inc. v. Winter*, 394 F.2d 664, 668 (2d Cir. 1968) (citations and quotations omitted). "In determining whether there is a likelihood of consumer confusion, we apply the eight-factor balancing test. . . . The eight factors are: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may bridge the gap by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market. The application of the Polaroid test is not mechanical, but rather, focuses on the ultimate question of whether, looking at the products in their totality, consumers are likely to be confused." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 307 (2d Cir. 2013) (quotations omitted), citing *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir.1961); *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 115 (2d Cir.2009); and *Star Indus., Inc. v. Bacardi & Co., Ltd.*, 412 F.3d 373, 384 (2d Cir.2005).

"Use of the identical mark for the same goods directed at the same market and sold through the same outlets creates a likelihood of confusion as a matter of law." *Fin. Matters v PepsiCo*, 92 Civ. 7497 (RO), 1993 US Dist LEXIS 13294, at *22-23 (SDNY Sep. 23, 1993); *see, e.g., Kiki Undies Corp. v. Promenade Hosiery Mills, Inc.*, 411 F.2d 1097, 1100-01 (2d Cir. 1969), *cert. denied*, 396 U.S. 1054 (1970).

<u>Count IV</u>:     False designation of origin (15 U.S.C. § 1125(a)(1)(A))

LPI used the ZIONESS trademark without ZMI's authorization. LPI's use of the ZIONESS trademark is likely to cause confusion.

Section 43(a) of the Lanham Act prohibits the: "use[ ] in commerce [of] any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]" 15 U.S.C. § 1125(a)(1)(A). Likelihood of confusion on a false designation of origin claim is by the same eight *Polaroid* facts as infringement under 15 U.S.C. § 1114(a)(1).

*Count V*:      Unfair competition (N.Y. common law)

LPI used the ZIONESS trademark without ZMI's authorization. LPI's use of the ZIONESS trademark is likely to cause confusion.

The standards for a finding of unfair competition under New York law are similar to those under Section 43(a) of the Lanham Act. "Conduct that constitutes trademark infringement also constitutes unfair competition in violation of New York law." *Getty Petroleum Corp. v. Island Transp. Corp.*, 878 F.2d 650, 655 (2d Cir. 1989) *See*, *e.g.*, *Safeway Stores, Inc. v. Safeway Properties, Inc.*, 307 F.2d 495, 497 n. 1 (2d Cir. 1962); *Dell Publishing Co. v. Stanley Publications, Inc.*, 9 N.Y.2d 126, 133, 211 N.Y.S.2d 393, 398, 172 N.E.2d 656 (1961).

"Punitive damages in a New York unfair competition claim are available 'where a defendant's conduct has constituted 'gross, wanton, or wilful fraud or other morally culpable conduct' to an extreme degree.'" *Mobius Mgt. Sys. v Fourth Dimension Software*, 880 F Supp 1005, 1026, n 14 (SDNY 1994), citing *Getty*

*Petroleum Corp. v. Island Transportation Corp.*, 878 F.2d 650, 657 (2d Cir. 1989)

(quoting *Smith v. Lightning Bolt Productions*, 861 F.2d 363, 371 (2d Cir. 1988),

quoting *Borkowski v. Borkowski*, 39 N.Y.2d 982 (N.Y. 1976).

### B. LPI's Affirmative Defenses, Counterclaims and Third-Party Claims to be Tried:

<u>1st Aff. Defense</u>:    Failure to state a cause of action.

[LPI has not provided any text for this section.]

<u>2nd Aff. Defense</u>:    Fair use

[LPI has not provided any text for this section.]

<u>3rd Aff. Defense</u>:    Fraud

[LPI has not provided any text for this section.]

<u>4th Aff. Defense</u>:    First Amendment

[LPI has not provided any text for this section.]

<u>5th Aff. Defense</u>:    Estoppel

[LPI has not provided any text for this section.]

<u>6th Aff. Defense</u>:    Unclean Hands

[LPI has not provided any text for this section.]

<u>7th Aff. Defense</u>:    Licensee Estoppel

[LPI has not provided any text for this section.]

<u>8th Aff. Defense</u>:    No damages or causation

[LPI has not provided any text for this section.]

<u>Third Counterclaim</u>:    Non-infringement of the ZIONESS trademark

[LPI has not provided any text for this section.]

<u>Fourth Counterclaim</u>:       Declaratory Judgment of invalidity of the
                                 ZIONESS trademark

[LPI has not provided any text for this section.]

**C. ZMI's and Ms. Berman's Defenses to be Tried:**

<u>4th Affirmative Defense</u>:  Laches

LPI's claims are barred by laches. "To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant" *Deutsche Bank Nat. Tr. Co. v. Joseph*, 117 A.D.3d 982, 983, 986 N.Y.S.2d 545, 546 (2014) (citations and quotations omitted).

<u>5th Affirmative Defense</u>:  Estoppel and unclean hands

LPI is barred from recovery under the doctrine of unclean hands. "[T]he doctrine of unclean hands may bar recovery where a party seeking such recovery 'is guilty of immoral, unconscionable conduct'" *Gilpin v. Oswego Builders, Inc.*, 87 A.D.3d 1396, 1399, 930 N.Y.S.2d 120, 124 (2011), quoting *National Distillers & Chem. Corp. v. Seyopp Corp.*, 17 N.Y.2d 12, 15, 267 N.Y.S.2d 193, 214 N.E.2d 361 (1966).

LPI's claims are also barred under the doctrine of estoppel. *E.g.*, *Price v. Fox Ent. Grp., Inc.*, No. 05 Civ. 5259 (SAS), 2007 U.S. Dist. LEXIS 6081, at *18 (S.D.N.Y. Jan. 26, 2007) (a successful estoppel defense requires proof of a reasonable and justifiable belief that plaintiff gave defendant permission to use or copy).

<u>11th Affirmative Defense</u>:        Waiver

LPI's claims are barred under the doctrine of waiver. "A waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed. It is the voluntary act of the party, and does not require or depend upon a new contract, new consideration, or an estoppel. It cannot be recalled or expunged." *Alsens Am. Portland Cement Works v. Degnon Contracting Co.*, 222 N.Y. 34, 37, 118 N.E. 210 (1917).

## V.   Marked Pleadings

Annexed hereto are marked copies of:

***Appendix A***     ZMI's Complaint,

***Appendix B***     LPI's Amended Answer, Affirmative Defenses, Counterclaims, and Third Party Claims, and

***Appendix C***     The ZMI Parties' Reply to the Counterclaims and Third Party Claims.

marked to show, for each claim and defense, in the margin next to each allegation thereof, the admissions and denials; and if any claims or defenses have been withdrawn or previously determined.

## VI.   Jury Trial Not Waived.

The case is to be tried with a jury. The ZMI Parties estimate that the trial will take 4-5 days to complete.

## VII.   No Consent to Trial by Magistrate Judge

All the parties do not consent to a trial by a magistrate judge.

## VIII.   Stipulations / Agreed Statements of Fact or Law

### A.  Adverse Inferences:

LPI and ZMI functioned as independent entities. Dkt. 120 at 1.

Ms. Berman had the right to start ZMI as an independent entity and to use and promote the ZIONESS trademark. Dkt. 120 at 2.

### B.  Stipulated Facts:

The parties have stipulated to certain facts set forth in ***Appendix D*** hereto.

## IX.   Witness Lists

### A.  Plaintiff and Third-Party Defendant's Witness List

The ZMI Parties' witness list and deposition designations are annexed hereto as ***Appendix E***.

### B.  Defendant's Witness List

The ZMI Parties' witness list and deposition designations are annexed hereto as ***Appendix F***.

## X.   Exhibit List

The ZMI Parties have exchanged with LPI as list of documents that the ZMI Parties had expected to use as exhibits at trial as exhibits but have not yet received from LPI feedback concerning the list of documents. Also, in light of the ZMI Parties' motions in limine and LPI's motion to dismiss, the ZMI Parties now expect to substantially change the selection and order of exhibits they intend to offer at trial. Accordingly, the ZMI Parties' exhibit list is not ready as of the time of filing. The ZMI Parties will review and revise and submit their proposed exhibit list as soon as possible.

Defendant LPI has not provided ZMI with a proposed exhibit list as of the time of filing.

Dated: New York, New York
      September 8, 2023

FELICELLO LAW P.C.

DHILLON LAW GROUP INC.
A California Professional Corporation

By:   /s/ Rosanne E. Felicello  
    Rosanne E. Felicello
    Kristie M. Blase
    Michael James Maloney
366 Madison Avenue 3rd Floor
New York, NY 10019
212-584-7806
rosanne@felicellolaw.com
*Attorneys for Plaintiff Zioness Movement, Inc. and Third Party Defendant Amanda Berman*

By: _____
    Ronald D. Coleman
50 Park Place, Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com
*Attorneys for Third Party Plaintiff The Lawfare Project, Inc.*

SO ORDERED:

Dated:     _____ _, 2023
      New York, NY

_____
ALVIN K. HELLERSTEIN
United States District Judge

11