**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ZIONESS MOVEMENT, INC., <br><br> *Plaintiff,* <br><br> -*vs*- <br><br> THE LAWFARE PROJECT, INC., <br><br> *Defendant.* | Civil Case No. <br> 1:21-cv-07429 (AKH) |

## DEFENDANT THE LAWFARE PROJECT'S PRETRIAL MEMORANDUM

Ronald D. Coleman
DHILLON LAW GROUP INC.
A California Professional Corporation
50 Park Place, Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com
*Attorneys for Defendant*

**CONTENTS**

**LEGAL POINTS AND AUTHORITIES** ......................................................................1

**I.   PLAINTIFF'S PRESUMPTION OF OWNERSHIP OF THE ZIONESS TRADEMARK IS LIMITED AND AMENABLE TO REBUTTAL**......................................1

**II.    PLAINTIFF CANNOT PROVE INFRINGEMENT, MUCH LESS WILLFULL INFRINGEMENT OF A TRADEMARK.** ........................................................................2

**III.    PLAINTIFF CANNOT PROVE HARM OR THE EXISTENCE OF RECOVERABLE DAMAGES** ..........................................................................................4

**CONCLUSION** ..........................................................................................................8

**LEGAL POINTS AND AUTHORITIES**

I.     **PLAINTIFF'S PRESUMPTION OF OWNERSHIP OF THE ZIONESS TRADEMARK IS LIMITED AND AMENABLE TO REBUTTAL**

To prevail on a claim of trademark infringement, plaintiff must show that it has a valid mark that is entitled to protection, and then whether the defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods. *See Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003).

The standard test of ownership of a trademark in a contest between two parties claiming the right to that mark is priority of use. If a trademark owner claims to have used the trademark on a date earlier than the date claimed in its registration, it bears a heavier burden of proving that date of first use than would normally be the case, and it must show this by clear and convincing evidence. *Threeline Imports, Inc. v. Vernikov*, 239 F. Supp. 3d 542, 558 (E.D.N.Y. 2017). An employee who uses a trademark as part of her duties for another is not considered to have used the mark for herself for purposes of establishing priority, but rather to have acted to establish priority of use for her employer. *JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2023 WL 2503432, at *12 (S.D.N.Y. Mar. 14, 2023)..

To prevail on a prior use defense, "the claimed senior user must demonstrate (1) present rights in the mark, (2) acquired prior to the date of registration, (3) continual use of the mark since that date, and (4) use prior to the registrant on the goods or services that are in issue." *Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194, 217 (E.D.N.Y. 2007). In addition to being the first to use the mark, "the type of use a [party asserting prior use] must make is one that is sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." *Dual Groupe, LLC v. Gans-Mex LLC*,

932 F. Supp. 2d 569, 573–74 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

"A party asserting prior use against a claim of infringement of a registered mark must prove

prior use by preponderance of the evidence." *Amped & Collection Inc. v. Hinton*, No. 18-CV-

6094, 2018 WL 5283912, at *5 (S.D.N.Y. Sept. 10, 2018) (citing Lane Capital Mgmt. Inc. v.

Lane Capital Mgmt., Inc., 192 F.3d 337, 345 (2d Cir. 1999)).

## II.   PLAINTIFF CANNOT PROVE INFRINGEMENT, MUCH LESS WILLFULL INFRINGEMENT OF A TRADEMARK.

"[I]n a trademark infringement case, the plaintiff bears the burden of proving a likelihood

of consumer confusion in the alleged infringer's use of the mark." *Hamilton Int'l Ltd. v. Vortic*

*LLC*, 13 F.4th 264, 274 (2d Cir. 2021). Plaintiff cannot prove a likelihood of confusion here,

especially given the paucity of proof of use of the mark by defendant.  Where "it would be difficult

for even a keen observer to pick out the allegedly infringed mark, a plaintiff cannot plausibly

establish that ordinarily prudent consumers would be confused as to the sponsorship or affiliation

and his trademark claims would fall short." *Gayle v. Home Box Off., Inc.*, No. 17-CV-5867 (JMF),

2018 WL 2059657, at *2 (S.D.N.Y. May 1, 2018) (quoting *Gottlieb Dev. LLC v. Paramount*

*Pictures Corp.*, 590 F. Supp. 2d 625, 634 (S.D.N.Y. 2008); internal quotations marks omitted).

The same holds true for a claim of unfair competition. *Gottlieb*, *id*. at  634,

Trademark law "protects only against mistaken purchasing decisions and not against

confusion generally." *Lang v. Ret. Living Pub. Co*., 949 F.2d 576, 583 (2d Cir. 1991), quoting,

Restatement (Third) of Unfair Competition § 20 reporter's note at 179. Plaintiff, in fact, has no

proof of a likelihood of confusion. Although consumer surveys are not necessary to prove a

likelihood of confusion, the lack of survey evidence weighs against any finding of actual confusion

between the parties' marks. See *Merriam–Webster, Inc. v. Random House, Inc*., 35 F.3d 65, 72 (2d

Cir. 1994). Furthermore, testimony based solely on a witness's personal opinion on the issue of

2

likelihood of confusion should not be permitted because it would usurp the jury's role in making fact determinations. See *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.1994).

Nor is there evidence of willful infringement if in fact there were any of infringement itself. The evidence defendant will proffer at trial that ZMI had a good faith belief in its entitlement to use the ZIONESS mark provides grounds for concluding that any infringement by LPI was not willful. *Lavatec Laundry Tech. GmbH v. Voss Laundry Sols*., No. 3:13-CV-00056 (SRU), 2018 WL 2426655, at *9 (D. Conn. Jan. 9, 2018). Additionally, "[W]here the junior user "prominently displays" its own mark and "uses a trade dress dissimilar to" the senior user's, such efforts "negate[] an inference of intent to deceive consumers as *173 to the source of the product." *Capri Sun GmbH v. Am. Beverage Corp*., 595 F. Supp. 3d 83, 172–73 (S.D.N.Y. 2022), *motion to certify appeal denied*, No. 19CIV1422PAEVF, 2022 WL 3137131 (S.D.N.Y. Aug. 5, 2022) (internal citations omitted).

Additionally, while, as a general proposition, a trademark infringement claimant is not required to demonstrate actual consumer confusion in support of its claim, it is equally well established that actual confusion is nevertheless the best evidence of a likelihood of confusion, and becomes more significant and even outcome-determinative where, as here, the junior and senior user of the mark have coexisted in the market for a long period and have competed head-to-head. The absence of actual confusion in such a context means no reasonable jury could find a likelihood of confusion. Thus, in *Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150 (4th Cir. 2014), the Fourth Circuit affirmed the trial court's judgment that the mark SWAP for watches was not likely to cause confusion with SWATCH for watches based largely on the absence of actual confusion despite years of competing, concurrent use:

> The district court found that although SWAP had been in use since 2003, Swatch had not adduced evidence of a single instance of actual customer confusion about

the origin of the parties' [*sic*: products; actual] (error in 4th Cir. as published) confusion is generally considered to be the "most important factor" in a likelihood of confusion analysis, ... and that the "absence of any evidence of actual confusion over a substantial period of time ... creates a strong inference that there is no likelihood of confusion." ... On appeal, Swatch does not contend that the record includes any evidence of actual confusion. It argues that the district court accorded too much weight to the lack of actual confusion in its overall analysis. However, as the court noted, the factors are weighed differently depending on the circumstances of the cases, and actual confusion is "often paramount."

*Id*. at 162 (emphasis added). *Accord*, *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 263 (5th Cir. 1980) (three instances of confusion in fifteen years of concurrent sales by the two companies weighed against a likelihood of confusion); *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 165 F. Supp. 3d 1256 (S.D. Fla. 2016) (actual confusion factor weigh*ed in favor of defendant where plaintiff admitted that there was no evidence of actual confusion); Hi-Tech Pharmaceuticals Inc. v. Dynamic Sports Nutrition, LLC*, 2016 WL 9455017, at \*7-8 (N.D. Ga. 2016) (denying preliminary injunction for trademark infringement where there was no evidence of actual confusion in almost ten years of concurrent sales). Here, plaintiff's failure to come forward with proof of actual confusion should be deemed fatal to its claims as a matter of law.

## III.   PLAINTIFF CANNOT PROVE HARM OR THE EXISTENCE OF RECOVERABLE DAMAGES

Although "irreparable harm may be found where damages are difficult to establish and measure," *Coastal Distribution, LLC v. Town of Babylon*, 216 F. App'x 97, 100 (2d Cir. 2007) (summary order) (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004)), "conclusory statements of loss of reputation will not justify an irreparable harm finding," *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, In*c., No. 10-CV-3314 (RWS), 2015 WL 4033019, at \* 11 (S.D.N.Y. Jun. 29, 2015). Similarly, in order to obtain damages under 43(a), a Plaintiff "must show not only that the Defendant's advertisement is

false but also that this falsification actually deceives a portion of the buying public." *Parkway Baking Company v. Freihofer Baking Company*, 255 F.2d 641, 648 (3d Cir.1958). Indeed, the prevailing law in the Second Circuit requires plaintiff to do more than just show bad faith on the part of the infringer to entitle it to statutory damages. *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir.1992). See, *Mattel, Inc. v. Adventure Apparel*, 2001 WL 1035140, at *5 (S.D.N.Y. September 7, 2001) (finding bad faith intent to profit but awarding minimum statutory amount "since little if any actual harm has been done to [the plaintiff], considering the minuscule number of web hits and [a] solitary sale ..."); *Lurzer GMBH v. American Showcase, Inc.*, 75 F.Supp.2d 98, 102-03 (S.D.N.Y.1998) (declining to award attorney's fees despite jury finding of willful deception under Lanham Act, due to "the absence of material evidence that [the plaintiff] itself suffered any 'ascertainable damage' from the few, isolated acts of infringement ....")).

It is also clear that costs incurred by plaintiff in the TTAB are not recoverable as damages. "[T]he Lanham Act does not require that attorneys' fees or other expenses be proved at trial as an element of damages, nor does any statute or court order provide that a request for attorneys' fees may be presented prior to the entry of judgment." *Avco Corp. v. Turn & Bank Holdings, LLC,* No. 4:12-CV-01313, 2023 WL 2328110, at *16 (M.D. Pa. Mar. 2, 2023). Monetary sanctions, moreover, are not available in TTAB trademark oppositions and cancellations. "The Board will not hold any person in contempt, or award attorneys' fees, other expenses, or damages to any party." Trademark Trial and Appeal Board Manual of Procedure; § 502.0537 C.F.R. § 2.127(f). *See*, *Trosper v. Metal Mulisha, LLC*, No. CIV.A. 4:09-CV-472-Y, 2010 WL 375481, at *3 (N.D. Tex. Feb. 2, 2010) (contrasting 15 U.S.C. § 1117(a)'s authorization of attorneys' fees in exceptional cases) with Trademark Trial and Appeal Board Manual of Procedure § 502.05's bar

of an award of attorneys' fees by the TTAB). NSM Resources Corp. v. Microsoft Corp., 113

USPQ2d 1029, 1035 n.10 (TTAB 2014) (Board cannot assess monetary damage awards); *General*

*Mills Inc. v. Fage Dairy Processing Industries SA*, 100 USPQ2d 1584, 1591 (TTAB 2011) (no

authority to determine damages), *judgment set aside on other grounds*, 110 USPQ2d 1679 (TTAB

2014) (non-precedential); *Kairos Institute of Sound Healing, LLC v. Doolittle Gardens, LLC*, 88

USPQ2d 1541, 1544 n.6 (2008); *Central Manufacturing Inc. v. Third Millennium Technology Inc.*,

61 USPQ2d 1210, 1213 (TTAB 2001) ("the Board does not impose monetary sanctions or award

attorneys' fees or other expenses"); *Duke University v. Haggar Clothing Co.*, 54 USPQ2d 1443,

1445 n.3 (TTAB 2000); ¶ 502.05 Attorneys' Fees, Etc., On Motions, Trademark L. Guide P

502.05. If fees cannot be awarded by the TTAB itself, it would surely provide a perverse incentive

to by awarding the very same fees to TTAB litigants as a reward for initiating litigation in district

court.

The same reasoning would apply if fees expended in the course of TTAB proceedings

could be treated as damages in related district court litigation. In any event, virtually every court

considering the matter has rejected the argument that they should be.  For example, in *Santander*

*Consumer USA Inc. v. Walsh*, 762 F. Supp. 2d 217 (D. Mass. 2010), plaintiff sought related TTAB

fees as an element of damages under 15 U.S.C.A. § 1120. That statute provides, "Any person who

shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent

declaration or representation, oral or in writing, or by any false means, shall be liable in a civil

action by any person injured thereby for any damages sustained in consequence thereof." Denying

the application for an award of such fees under the rubric of damages, the court explained as

follows, demonstrating the broad consensus on the issue:

> Plaintiffs argue that attorneys' fees and litigation costs are not recoverable damages
> under section 1120. Entitlement to attorneys' fees or other litigation costs as an

element of recoverable damages under section 1120 is an issue of first impression in this circuit. Other circuits addressing the issue uniformly deny litigation costs and attorneys' fees as recoverable damages under section 1120. See *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 876 (8th Cir.1994) ("fees are not included within damages awarded under Section 38"); *Gilbert/Robinson, Inc. v. Carrie Beverage–Missouri, Inc.*, 989 F.2d 985, 991 n. 5 (8th Cir.1993) (" § 1120 damage claim may not supplant the court's carefully circumscribed discretion to award fees under § 1117"); *Exxon Corp. v. Exxene Corp.*, 696 F.2d 544, 550 (7th Cir.1982); *see also United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1232 (10th Cir.2000) (noting, in context of discussing award of fees under 15 U.S.C. § 1117, that section "1120 does not allow for the award of attorney fees"); *Ritz Hotel, Ltd. v. Shen Mfg. Co., Inc.*, 2009 WL 1119496, *2 (E.D. Pa. April 27, 2009) ("[l]itigation costs and attorneys' fees are not available as damages under § 38"); *Zobmondo Entertainment LLC v. Falls Media LLC*, 89 U.S.P.Q.2d 1048 (C.D. Cal.2008) (section 1120 plaintiffs cannot prove damages element "by alleging that they have been forced to expend attorneys' fees in defending against [the] defendants' trademark claims, since attorneys' fees are not properly part of damages under Section 38, and attorneys' fees alone thus cannot satisfy damages requirement"); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 21 F.Supp.2d 1255, n. 5 1259 (D. Kan.1998) ("attorney fees are not recoverable for violations of [section 1120]"), *aff'd in part and rev'd in part on other grounds*, 205 F.3d 1219 (10th Cir.2000). Accordingly, defendants are not entitled to recover attorneys' fees or defense costs directly under section 1120.

762 F. Supp. 2d at 234.  The same reasoning should apply to any characterization of attorneys' fees as "damages."

In short, to the extent plaintiff seeks damages measured by its expenditure of attorneys' fees in the TTAB, there is no basis in law or policy to reward it for promoting a TTAB dispute to full-blown commercial litigation—especially here, where the dispute involves two non-profits. See, *Birthright v. Birthright Inc.*, 827 F. Supp. 1114, 1144 (D.N.J. 1993) (in dispute between non-profit organizations within the same social movement for control of the movement's name and logo, political and social concerns rather than profit motivated the principal individuals and entities; "Where a defendant's trademark violation occurs in a non-profit, noncommercial context, the equities favor a denial of an award of attorneys' fees").

## CONCLUSION

For the foregoing reasons, defendant seeks judgment in its favor in this matter.

DHILLON LAW GROUP INC.
A California Professional Corporation

By: _____

Ronald D. Coleman

50 Park Place, Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com
*Attorneys for Defendant*

Dated: September 11, 2023