UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
ZIONESS MOVEMENT INC., :
: **ORDER DENYING PLAINTIFF'S**
Plaintiff / Counterclaim Defendant, : **MOTION FOR**
: **RECONSIDERATION**
-against- :
: 21 Civ. 7429 (AKH)
THE LAWFARE PROJECT, INC., :
:
Defendant / Counterclaim Plaintiff. :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff's motion for reconsideration (ECF No. 238) is denied. "A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 374 (S.D.N.Y. 2014). Moreover, "the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, LP*, 684 F.3d 36, 41 (2d Cir. 2012). Plaintiff has failed to meet these strictures. Instead, it reargues issues raised—and rejected—in its original brief and April 8, 2024 argument in support of its stay request.

The jury found that both parties were involved in the creation of the trademark, and that even though they split apart and went their separate ways, neither gave up their rights to the other. *See, e.g., Piccari v. GTLO Prods., LLC*, 115 F. Supp. 3d 509 (E.D. Penn. 2015) (co-owners of trademarks have "equal and unfettered rights of use"). The verdict sheet raised the possibility of co-ownership and neither side objected, Trial Tr. 837:23–24 ("At this time, the plaintiff doesn't have any comments to the verdict sheet."), and the jury so found. The evidence

1

at trial supports the findings, showing that the current leadership of the Lawfare Project Inc. and Zioness Movement Inc. worked together at the Lawfare Project throughout 2017 and 2018, using the Lawfare Project's resources, to develop the Zioness mark. *Piccari*, 115 F. Supp. 3d at 515 ("Because co-owners are naturally associated with the same source . . . use by a co-owner cannot create confusion as to the source among customers").

One co-owner cannot sue the other for infringement, but they can both sue a third party. *Puri v. Yogi Bhajan Admin. Tr.*, No. CV 11-9503 FMO, 2015 WL 12684464, at *11 (C.D. Cal. Oct. 30, 2015). Co-ownership may be disfavored, but it is not unlawful, and it does not void a trademark. *See E.W. Tea Co., Ltd. Liab. Co. v. Puri*, No. 3:11-cv-01358, 2022 WL 900539, at *6 (D. Or. Mar. 28, 2022) ("While joint ownership of trademarks is disfavored because it could lead to consumer confusion, it is not prohibited under federal trademark law."); 2 J.T. McCarthy, *McCarthy on Trademarks & Unfair Competition* § 16:40 (5th ed.). If the parties are not able to settle their differences, amicably or commercially, they will either have to tolerate a likelihood of confusion they believe exists between themselves, find a way to distinguish between themselves, or stop using the trademark. That is the risk of co-ownership.

Plaintiff's motion for reconsideration is denied. The Clerk shall terminate ECF No. 238.

SO ORDERED.

Dated:   May 30, 2024
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge