UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

ZIONESS MOVEMENT, INC.,                              :

                     Plaintiff,             :  **ORDER AND OPINION**
                                                               **DENYING RENEWED**
   -against-                            :  **MOTION FOR ATTORNEYS'**
                                                 **FEES AND COSTS**
                                      :

THE LAWFARE PROJECT, INC.,                           :

         Defendant/Counterclaim Plaintiff,  :  21 Civ. 7429 (AKH)

   -against-                                          :

ZIONESS MOVEMENT, INC. and AMANDA     :
BERMAN,                                              :

                 Counterclaim Defendants.  :

------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        In its Mandate transmitted to this Court on October 15, 2025, the Court of Appeals affirmed the Court's post-trial orders denying Zioness Movement, Inc.'s ("ZMI") and Amanda Berman's (collectively, the "ZMI Parties") post-trial motions and the Court's decision to limit monetary sanctions against Defendant The Lawfare Project, Inc. ("LPI") to $20,000. *See* ECF No. 277. The Court of Appeals vacated and remanded only the Court's order denying attorneys' fees to ZMI under the Copyright Act "to consider in the first instance whether a fee award is appropriate" under the factors outlined in *Fogerty v. Fantasy, Inc. See id.*; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). In light of the Court of Appeals' Mandate, ZMI filed a renewed motion for attorneys' fees. *See* ECF No. 274. The parties have briefed the issue.

        For the reasons outlined below, I hold ZMI remains unentitled to attorney's fees and deny the ZMI Parties' renewed motion for award of attorney's fees and costs.

1

## FACTUAL BACKGROUND

Among its claims in this action, LPI asserted a claim for copyright infringement based on ZMI and Berman's unauthorized use of images that Lawfare commissioned while Berman was still in its employ. *See* ECF No. 57. I denied a motion to dismiss that claim, among others, holding that the Third-Party Complaint was "replete with factual allegations that, when accepted as true, raise more than a plausible inference of a right to relief" and that LPI had met its burden at that stage of proceedings. *Id.* LPI moved to dismiss its copyright claims with prejudice before trial, which I granted with prejudice under Fed. R. Civ. P. 41(a)(1) while granting leave to the ZMI Parties to "seek legal expenses attributable solely to such claims and counterclaims." ECF No. 154. After briefing, I issued an order in response to the ZMI Parties' motion for attorney's fees. *See* ECF No. 260. That order, in relevant part, is as follows:

> ZMI's "motion for attorneys fees pursuant to 17 U.S.C. § 505 is denied, since it was not the prevailing party on the issues of this case: who, between LPI and ZMI, owned the trademark Zioness, and who infringed. Defendant Amanda Berman, who was dropped from the case before trial, was not thereby the prevailing party and, in the courts discretion, is not entitled to recover fees. LPIs claims against Berman and ZMI were asserted in good faith and had substantial basis. That LPI dropped its claim against Berman before trial in order to simplify the trial is not cause for an award of fees. Nor is my having granted leave to ZMI to file a motion for fees at the end of the case an indication that ZMI would be entitled to fee-shifting. There is no item of work that ZMIs lawyers performed that would not have had to have been performed if Berman had not been named as a party." ECF No. 260.

In its Mandate, the Court of Appeals treated the ZMI Parties as prevailing parties because of the material alteration of the legal relationship between the parties after the voluntary dismissal of their copyright claims with prejudice. *See* ECF No. 277 at 11 (*citing Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 165 (2d Cir. 2014); *Penshurst Trading Inc. v. Zodax L.P.*, 652 F. App'x 10, 11 (2d Cir. 2016)). Accordingly, the Court of Appeals vacated this Court's order denying attorneys' fees under the Copyright Act and remanded for consideration in the first instance whether a fee award is appropriate under *Fogerty*. *See id.* at 12.

2

STANDARD

Pursuant to Section 505 of the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. After recognizing a prevailing party in a copyright case, a court may exercise its discretion in determining whether to award attorneys' fees. *See Fogerty*, 510 U.S. at 534. Courts should consider the *Fogerty* factors in the exercise of equitable discretion relating to the recovery of attorney's fees under the Copyright Act. These nonexclusive factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (internal quotation marks and citation omitted). Among those factors, the district court may grant "substantial weight" to the reasonableness of a litigant's factual and legal positions. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 207, 210 (2016).

DISCUSSION

Despite the ZMI Parties' status as prevailing parties as defined in 17 U.S.C. § 505, my ultimate determination is unchanged. In my original order denying attorney's fees under the Copyright Act, I found that, "LPIs claims against Berman and ZMI were asserted in good faith and had substantial basis[,]" consistent with my earlier order denying the ZMI Parties' motion to dismiss. ECF No. 260; *see also* ECF No. 57.

I reiterate that finding. LPI's Copyright Act claims were objectively reasonable, and I grant that finding substantial weight. *See Kirtsaeng*, 579 U.S. at 207, 210. Nor was LPI's claim frivolous. *See Torah Soft Ltd. v. Drosnin*, No. 00 Civ. 5650 (JCF), 2001 WL 1506013, at *4 (S.D.N.Y. Nov. 27, 2001) ("The label of 'frivolous' is appropriately reserved for the most

3

extreme cases, as, for example, where a plaintiff claims a copyright in material that is clearly within the public domain.").

The record does not reflect an improper motivation for asserting the claim. ZMI points to a statement by LPI's counsel that their client harbored "a great deal of personal resentment" toward ZMI and Berman. *See* ECF No. 207-1 at 45:18-22. Personal animosity between parties in contentious litigation does not demonstrate improper motivation as it does not, without more, suggest a party sought "to knowingly gamble on an unreasonable legal theory in order to achieve a secondary gain." *Agence France Presse v. Morel*, No. 10 Civ. 2730 (AJN), 2015 WL 13021413, at *5 (S.D.N.Y. Mar. 23, 2015), *aff'd sub nom. Presse v. Morel*, 645 F. App'x 86 (2d Cir. 2016) (*quoting Torah Soft Ltd.*, 2001 WL 1506013, at *5) (cleaned up; internal quotations omitted). I previously found that LPI's claims were asserted in good faith, and I adhere to that finding. *See* ECF No. 260.

The interests of compensation and deterrence do not favor a fee award. Fee-shifting under the Copyright Act serves to encourage the assertion of meritorious claims and defenses and to deter those that lack a reasonable basis. *See Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001). Those interests are not advanced here, where LPI's claims were objectively reasonable.

### CONCLUSION

For the reasons stated above, the ZMI Parties' renewed motion for attorney's fees is denied. The Clerk shall terminate ECF No. 274 and mark the case as closed.

SO ORDERED.

Dated:     June 2/, 2026
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4